## No. 10,148.

### STATE EX REL. MRS. SERAPHINE MASPEREAU VS. JOSEPH BATT, REGISTER, ET AL.

A mandamus will not lie to compel the Register of Conveyances of the parish of Orleans to erase from the record of his office a tax deed, in the absence of a final judgment of a competent court declaring the nullity of the tax sale, not even if the purchaser at such tax sale is made party to the proceeding.

A previous judgment declaring the assessment under which such tax sale was made absolutely void, is not binding on the purchaser at such sale if not a party to the suit in which the judgment was rendered.

APPEAL from the Civil District Court, Parish of Orleans
Voorhies, J.

*Farrar & Kruttschnitt* for Plaintiff and Appellee:

I.

(a) The tax sale of property under an assessment in the name of one not the owner, is an absolute nullity. Maspero vs. New Orleans, 38 Ann. 401; Lagne vs. Boagni, 32 Ann. 912-913; Denegre vs. Gérac & Francez, 35 Ann. 952.

(b) The constitutional provision that tax deeds shall be "received by courts as *prima facie* valid sales," merely establishes a new rule of evidence, and not new rights. Cooley on Taxation, 2d Ed. pp. 517, *et seq.*

II.

A writ of mandamus will lie to compel the erasure of such a conveyance from the records of the conveyance office.

That such a writ will lie in the case of a mortgage is held in: Savage vs. Holmes. 15 Ann. 334; State ex rel. Deblieux vs. Recorder, 25 Ann. 61; Lanaux vs. Recorder, 36 Ann. 975. Why not, then, in case of a conveyance?

State ex rel. Maspereau vs. Batt. Register, et al.

*Jos. H. & J. Zach. Spearing* for Defendants and·Appellants :

1. It is elementary that persons are not bound by judgments in cases to which they were not parties, and the judgment in Maspero vs. N. O. (38 Ann 401) is not *res adjudicata* as against respondents,

2. All deeds of sale for taxes under Article 210 of the Constitution and laws passed in pursuance thereof, are *prima facie* valid, and no sale whatever of property for such taxes can be decreed void for any cause of alleged nullity, except in a direct action. A mandamus does not lie to cause the inscription in the conveyance office of a deed of sale for the State tax of 1883, to be cancelled. Article 210 of the Constitution of 1879 ; Lannes vs. Bank, 29 Ann. 112 to 115 ; Jurey & Gillis vs. Allison, 30 Ann. 1225 ; Fix vs. Herron, 29 Ann. 850 ; High on Extraordinary Remedies, Section 10.

3. A sale under Article 210 of the Constitution cannot be attacked on any ground, except upon a tender of the "price paid" by the purchaser to the tax collector. Miller vs. Montague, 32 Ann. 1292.

4. An assessment or sale of property in the name of a person not the owner, even when made under a law requiring the same to be in the name of the owner, is not an "absolute nullity." A mistake of assessing property in the name of one not the owner, though the law requires the same to be in the name of the owner, is a matter relating to the manner of assessment and not to the fact of assessment. The name in which property should be assessed and sold is a non-essential in tax proceedings ; that is a matter within legislative control, and, therefore, a mistake in the name does not render the sale an absolute nullity. Shannon vs. Lane, 33 Ann. 489 to 492 ; Geren vs. Gruber, 26 Ann. 694 ; Morris vs. Lalaurie, 39 Ann. 53 ; Kent vs. Brown, 38 Ann. 806 ; 22 How. 433 ; Woodside vs. Wilson, 32 Penn. Stat. 54 ; Strauch vs. Shoemaker, 1 Watts & Sergt 175 ; 18 Penn. Stat. 154 ; 'Grady vs. Barneshel, 23 Cal. 287 ; Witherspoon vs. Duncan, 4 Wall. 217 ; Easton vs. Perry, 37 Iowa, 683.

---

The opinion of the Court was delivered by

TODD, J. This is a mandamus proceeding directed against the Register of Conveyances for the parish of Orleans to compel him to cancel from the records of his office a tax deed to certain immovable property claimed by the relatrix to have been illegally sold to one Hakengso, who is also cited as a party to the proceeding.

From a judgment making the mandamus peremptory, the defendants have appealed.

The defendants excepted to the proceeding in the lower court on many grounds, which summarized, were substantially in effect that a mandamus would not lie in such a case and for the purpose declared in the petition. The exception was overruled and a long answer to the merits filed, asserting the validity of the tax sale and a legal title acquired thereby by the purchaser at such sale.

A bare statement of the object of the suit and of the nature of the pleadings is, in itself, almost, if not quite sufficient, to show that the remedy resorted to in this instance was not the proper one.

The tax sale in question was made in 1884.

Article 210 of the State Constitution declares: " All deeds of sale

made, or that may be made, by collectors of taxes shall be received by the courts in evidence as *prima facie* valid sales."

The same article further provides that "No sale of property for taxes shall be annulled for any informality in the pleading, until the price paid, with ten per cent interest, be tendered to the purchaser."

With these mandatory provisions in the Constitution, it cannot readily be conceded that this officer—the Register of Conveyances—can, in the discharge of a mere ministerial duty, erase from the records of his office a deed which is declared by the Constitution *prima facie* valid; or, if not valid, one that cannot be annulled for any informality until the price, with interest, is tendered to the purchaser!

Had the relatrix presented to this officer a final judgment of a competent court, contradictorily rendered against the purchaser at the tax sale, declaring the sale void, then he might have been compelled by mandamus to perform the ministerial duty by cancelling the deed, in case he had refused to do so.

Nor could such judgment be rendered in a mandamus proceeding. The issues that are presented by the pleadings in the instant case, are a complete demonstration of this fact. The defendant, or the party holding the tax title assailed, is entitled to have these issues tried and determined in a regular suit, by ordinary proceeding, and with the right, if he desires, to claim it, to submit these issues to a trial by jury. This is a constitutional right which this extraordinary proceeding is calculated to deprive him of.

It is, however, urged by the counsel of the relatrix that in the case of Maspereau vs. New Orleans et al. (38 Ann. 401), it was decided by this Court, on appeal, that the assessment of the property under which this sale was made was absolutely void. In answer to that, it is sufficient to say that neither the Register of Conveyances nor Hakengos, the present defendants before us, were parties to that suit, and, therefore, as to them, it was as if it never existed.

The law has expressly provided for relief by mandamus, but this proceeding does not come within the scope of any of the provisions pertaining to this remedy. C. P. Art. 829, *et seq;* Fix vs. Heriou, 29 Ann. 850.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed, and that the mandamus be refused, at the cost of the relatrix.